# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BETTIE PULLEN-WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 05 C 5648 |
| ROOSEVELT UNIVERSITY, ROOSEVELT ) | |
| UNIVERSITY BOARD OF TRUSTEES, ) | Judge John W. Darrah |
| VALERIE JANESICK, NANCY GLYNN, ) | |
| GEORGE LOWERY, STEVEN COHEN, ) | |
| MARY HENDRY, LOUISE LOVE, ) | |
| VINTON THOMPSON, ) | |
| ANTONIA POTENZA and ) | |
| BETH REISSENWEBER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINON AND ORDER

Plaintiff, Bettie Pullen-Walker, filed a discrimination suit against Defendants, Roosevelt University and various Roosevelt University administrators. Plaintiff alleges that she was discriminated against, excluded from participation in, and denied the benefits of a federally funded program because of her sex, age, race, and disability. Currently before the Court is Defendants' motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND

A reading of Plaintiff's Complaint supports the following summary of the alleged conduct of the parties.

Pullen-Walker is an accomplished educator, journalist and businesswoman. She is an African-American and is sixty years old. In 1985, she received a teaching certificate to teach in the Chicago Public Schools. While teaching in the Chicago Public Schools, she applied to the Roosevelt University's graduate studies program in education to obtain her doctorate.

She began pursuing her doctoral degree in the Fall of 1996. She completed the course requirements in 1999 with a grade-point average of 3.52. To graduate from the doctoral program, Pullen-Walker had to complete a dissertation and a comprehensive examination.

Pullen-Walker took a one-year leave of absence (Fall 1999-Spring 2000) with the permission of the College of Education. During her year absence, she took courses in the counseling and human services program to help her prepare for the National Counselor Examination. Pullen-Walker's comprehensive examination was postponed until she returned from the leave of absence.

Prior to taking the examination, Dr. Valerie Janesick, the new chair and doctoral program director, attempted to have Pullen-Walker dismissed from the school because she had received two C's in her courses. In reality, it was one C as the other changed to a B after an appeal.
Dr. George Lowery, Dean of the College of Education, allowed Pullen-Walker to remain in the program.

Dr. Janesick scheduled the comprehensive exam on November 3 and 10, 2000. Dr. Janesick notified Pullen-Walker by letter on August 24, 2000. In the letter, Dr. Janesick stated that she believed Pullen-Walker had over a year of study and preparation. Subsequently, Dr. Janesick delayed providing study materials to Pullen-Walker and, on September 18, 2000, sent the study materials. Dr. Janesick believed that Pullen-Walker had "continually asked for special treatment and

concessions." However, all students in the doctoral program had received the study materials. In response to the delay, Dr. Janesick rescheduled the exam for December 6 and 8, 2000.

While Pullen-Walker was studying for the comprehensive exam, she became seriously ill. She suffered from acute heart palpitations complicated by the development of influenza. She was ordered to complete bed rest for six weeks and was not able to take the comprehensive examination, per the doctor's orders.

Dr. Janesick required a doctor's note on official letterhead before she would reschedule the examination. Due to her incapacitation, Pullen-Walker did not supply the note as promptly as Dr. Janesick would have liked. On December 11, 2000, Dr. Janesick notified Pullen-Walker that she had been dismissed from the program. Pullen-Walker provided the medical verification requested as soon as she was able.

In addition, a complaint had been filed against Pullen-Walker for several violations of the student code. Ms. Nancy Glynn, the assistant vice-president for student services, informed Pullen-Walker of these charges. Pullen-Walker believes these charges to be false and the ensuing investigation to be a sham. After the investigation, on May 4, 2001, Glynn concluded that Pullen-Walker had violated the student code; and Pullen-Walker was administratively withdrawn from the University.

Following the administrative withdrawal, Pullen-Walker sent a letter to Glynn on May 17, 2001. In the letter, she stated that Roosevelt University faculty and staff were engaged in "discrimination with false charges based on her race, sex, gender, health, and physical disability" and that the discrimination was ongoing.

In October 2001, Pullen-Walker filed grievances against Dr. Janesick and Glynn with the U.S. Department of Education for expelling her on the basis of race, gender, age, and disability. The filing of the grievances put Roosevelt University on notice of illegal discrimination.

The U.S. Department of Education requested that Roosevelt University conduct a more thorough examination into the grievances filed by Ms. Pullen Walker. According to Pullen-Walker, the University ignored this request. Instead, they continued sham proceedings and pretextual denials of wrongdoing.

Pullen-Walker then brought a lawsuit, *pro se*, against Roosevelt University on May 28, 2004. The lawsuit was filed in the Northern District of Illinois and assigned to Judge David Coar. The original complaint was found to have alleged violations of a contract between Pullen-Walker and Roosevelt University and sex discrimination. The court ordered Pullen-Walker to supplement her original complaint to explain why federal jurisdiction existed. Subsequently, the court dismissed all of the claims, except for the sex discrimination claim in her original complaint and permitted her extra time to file an amended complaint. Judge Coar noted that Pullen-Walker had "resorted to broad claims of violations of due process and grandiose, out-of-context quotes from cases involving federal constitutional requirements as to state actors." Pullen-Walker did not file an amended complaint within the time allowed.

Ultimately, the court terminated the case. Pullen-Walker appealed the dismissal of her complaint to the Seventh Circuit. The Seventh Circuit summarily affirmed the District Court's order.

Pullen-Walker then filed a Federal Rule of Civil Procedure 60(b) Motion for Relief from Judgment and Leave to File a Title IX Sex Discrimination Complaint before Judge Coar. On

September 6, 2005, Judge Coar denied the motion, stating that the case was dismissed for lack of jurisdiction; and a final judgment had been entered on August 25, 2004. The court noted that Pullen-Walker appeared to be attempting to relitigate her complaint.

Pullen-Walker refiled her complaint as a new case, which was assigned to this Court. There are five counts in the Complaint: violation of Title IV, 20 U.S.C. § 1681(a), sex discrimination; violation of the Age Discrimination Act (ADA), 42 U.S.C. § 6102; violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, disability discrimination; violation of Title VI, 42 U.S.C. 2000(d), race discrimination; and violation of § 1981, 42 U.S.C. § 1981, race discrimination in her ability to make and enforce contracts.

## ANALYSIS

In reviewing a motion to dismiss, the court reviews all allegations in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts of the elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002) (*Swierkiewicz*); *Walker v. Thompson*, 288 F.3d 761, 764 (7th Cir. 2004). A filing under the Federal Rules of Civil Procedure need not contain all the facts that will be necessary to prevail. It should be "short and plain," and it suffices if it notifies the defendant of the principal events. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claims that would entitle it to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize the facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*,

58 F.3d 295, 297 (7th Cir. 1995). The simplified notice pleading relies upon liberal discovery and summary of motions to define disputed issues and facts and to dispose of unmeritorious claims. *See Swierkiewicz*, 534 U.S. at 513. The court may consider matters of public record outside the pleadings. *See Henson v. CSC Credit Serv.*, 29 F.3d 280, 284 (7th Cir.1994).

Defendants first argue that this action is barred either by *res judicata* or the statute of limitations.

*Res Judicata*

*Res judicata*, or claim preclusion, bars parties from litigating those claims that have previously been litigated or could have been litigated previously. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). The federal rules of claim preclusion apply because the preceding litigation was in federal court on a federal cause of action. *Central States, Southeast and Southwest Area Pension Fund v. Hunt Truck Lines, Inc.*, 296 F.3d 624, 628 (7th Cir.2002). "*Res judicata* protects a victorious party from being dragged into court time and time again by the same opponent on the same cause of action." *Magnus Electronics, Inc. v. La Republica Argentina*, 830 F.2d 1396, 1402 (7th Cir. 1987).

The federal law of claim preclusion bars a claim when there is: (1) a final judgment on the merits; (2) identity of the parties or privies; and (3) identity of cause of action. *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 338 (7th Cir.1995).

The doctrine of *res judicata* is not triggered unless there has been a prior final judgment on the merits. *Bunker Ramo Corp. v. United Bus. Forms, Inc.*, 713 F.2d 1272, 1277 (7th Cir. 1983). A dismissal for lack of subject matter jurisdiction will not bar a later suit. *Costello v. United States,*

365 U.S. 265, 284-88 (1961); *see also* Fed. R. Civ. P 41(b) ("dismissal . . . other than a dismissal for lack of jurisdiction . . . operates as an adjudication upon the merits").

As stated in Judge Coar's Minute Order of July 28, 2004, "all claims are dismissed for lack of jurisdiction, except a claim of sex discrimination under Title IX." Judge Coar noted that the complaint appeared to allege violations of a contract between Pullen-Walker and Roosevelt University and violations of due process. The sex discrimination claim was not dismissed for lack of jurisdiction. Instead, that claim was ultimately dismissed because Pullen-Walker failed to amend her complaint. Therefore, the dismissal of Pullen-Walker's discrimination claim before Judge Coar was not a dismissal for lack of subject matter jurisdiction and operates as an adjudication upon the merits.

Pullen-Walker asserts that she was "standing on her complaint." However, a person generally stands on their complaint only after it has been dismissed in its entirety. *See Crigler v. Axia, Inc.*, 735 F. Supp. 868, 872 (N.D. Ill. 1990). Pullen-Walker's complaint was not dismissed in its entirety. The sex discrimination claim was not originally dismissed, and the court ordered that an amended complaint be filed. An amended complaint was never filed.

Dismissal of an action for failure to prosecute or to comply with a court order constitutes a dismissal with prejudice and an adjudication on the merits for purposes of *res judicata*. Fed. R. Civ. P. 41(b); *LaBeau v. Taco Bell*, 892 F.2d 605, 606-07 (7th Cir. 1989). "Rule 41(b) puts the burden on the plaintiff to persuade the district court to specify that a dismissal is without prejudice." *Rinehart v. Locke*, 454 F.2d 313, 315 (7th Cir. 1971).

The dismissal of the sex discrimination claim was a dismissal for failure to prosecute and/or to comply with a court order. The court explicitly stated, "If the plaintiff wishes to proceed with

7

such a claim, she is hereby ordered to file an amended complaint setting forth her purported sex discrimination claim under Title IX." Judge Coar Minute Order July 28, 2004. Pullen-Walker failed to do so; and, as a result the case, was dismissed. Because the dismissal of the sex discrimination claim was for failure to prosecute and/or to comply with a court order it constitutes an adjudication on the merits for purposes of *res judicata*.

The second requirement of *res judicata* is identity of the parties or their privies. In general, privity exists between parties who adequately represent the same legal interests. *In the matter of L & S Industries, Inc.*, 989 F.2d 929, 932 (7th Cir.1993) (*L & S Industries*); *People Who Care et al. v. Rockford Bd. of Ed.*, 68 F.3d 172, 177 (7th Cir.1995). The question of whether privity exists is a fact-intensive determination reviewed on a sliding scale. *L & S Industries*, 989 F.2d. at 933. Pullen-Walker is the lone plaintiff in both actions; all of the Defendants from the underlying suit have been named in this suit. There are two additional defendants in the instant case, the Dean of the College of Education and the President for Enrollment and Student Services. They were added as defendants because they allegedly have supervisory authority over the dismissal proceedings at issue. The allegations against these new defendants concern actions within the scope of their employment and concern the same dispute that was the subject of the previous suit. The Dean of the College of Education and the President for Enrollment and Student Services are in privity with Roosevelt University, which was named as a defendant in the original suit. *Garcia v. Village of Mount Prospect*, 360 F.3d 630, 637 (7th Cir.2004) (individual employee of village was in privity with village for purposes of *res judicata*).

The final element of claim preclusion is identity of the cause of action. There is identity of the cause of action if there is "a single core of operative facts which give rise to a remedy." *Anderson*

v. *Chrysler Corp.*, 99 F.3d 846, 852 (7th Cir.1996), *quoting Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir.1986).

There is identity of the cause of action between Pullen-Walker's original suit and current suit. Both cases arise from discrimination motivating her dismissal from the graduate program at Roosevelt University. Each complaint describes sham investigations conducted by Glynn and vicious behavior by Dr. Janesick that purportedly amounts to discrimination.

The same core of operative facts gives rise to Pullen-Walker's current sex, disability, age, race, and § 1981 claims as were presented in her original complaint. Therefore, those claims could have been brought with her original sex discrimination claim. The sex discrimination claim was dismissed for failure to prosecute and operates as *res judicata;* because she could have also brought the other claims, they are also barred.

*Exhaustion of Administrative Remedies*

Defendants also argue that Pullen-Walker failed to exhaust her administrative remedies as to the ADA claim. The ADA requires a plaintiff, prior to bringing a private action, to provide notice and to exhaust administrative remedies. *See* 42 U.S.C. §§ 6104 (e)-(f).

Pullen-Walker did not comply with the notice requirements. At least thirty days prior to bringing a private action to enforce the ADA, a plaintiff must provide notice by registered mail to the Secretary of Health and Human Services, the Attorney General of the United States, and the person against whom the action is directed. 42 U.S.C. § 6104(e)(1). There is nothing in the pleadings to suggest that she notified the Secretary of Health and Human Services, the Attorney General of the United States or the Defendants via registered mail.

Administrative remedies are exhausted when the relevant federal funding agency, upon receipt of an administrative complaint, makes no finding within 180-days or makes a finding against the claimant before the expiration of the 180 day period. 42 U.S.C § 6104(f). Pullen-Walker filed a complaint with the Department of Education, the funding agency for Roosevelt University, and filed her complaint after an adverse finding.

Pullen-Walker satisfied the administrative exhaustion requirement but not the notice requirement. However, both requirements must be satisfied for the Court to have jurisdiction. *Popkins v. Zagel*, 611 F.Supp. 809, 812 (D.C. Ill. 1985) (failure to demonstrate compliance with both provisions deprives the court of jurisdiction).

*Statute of Limitations*

Defendants also argue that Pullen-Walker's claims are barred by the applicable statute of limitations. In light of the above rulings, the Court need not address this issue.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is granted. Plaintiff's Complaint is dismissed with prejudice.

Dated: June 28, 2006

JOHN W. DARRAH
United States District Court Judge